**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LUIS MUNOZ, on behalf of himself and other similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 16 CV 8722 |
| v. | ) ) | Judge Shah |
| WHEELER TRAILER, INC, | ) ) | Magistrate Judge Cox |
| Defendant. | ) ) | |

## FINAL APPROVAL ORDER

The Parties having appeared before the Court on November 1, 2017, for a Hearing on Final Approval in the above-captioned matter; the Court having reviewed the Plaintiff's Unopposed Motion for Final Approval of Parties' Class Action Settlement and other related materials submitted by the Parties, as well as the Parties' presentation at the Hearing on Final Approval; and otherwise being fully informed in the premises,

It is hereby ORDERED AND ADJUDGED as follows:

1.  This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b), including all members of the Settlement Class, preliminarily certified for settlement purposes only by Order dated July 11, 2017 (Dkt. No. 31) ("Preliminary Approval Order"), and defined as follows:

> The 55 hourly employees identified by Defendant, including the Class Representative, who have worked in excess of forty hours during individual work weeks for Defendant within the three years preceding the filing of this lawsuit and whose names appear in Exhibit A to the Parties' Stipulation of Settlement.

2.  The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. Rule 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this action

1

only. The Court finally certifies the Settlement Class for purposes of settlement of this action only.

3.     The Notice of Class Action Settlement ("Class Notice") sent to the members of the Settlement Class ("Class Members") via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, the manner in which their economic recovery would be calculated if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement Class and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the Class Members of resources available to them to obtain additional details on this case and the Class Action Settlement, including Class Counsel's telephone number. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. Rules 23(c)(2)(B) and 23(e)(1).

4.     The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of the Plaintiffs' case on the merits, weighed against Defendants' defenses, and the complexity, length, and expense of further litigation, support approval of the Settlement; the Total Settlement Amount of One Hundred Thirty Four Thousand and 00/100 Dollars ($134,000.00) is a fair, reasonable and adequate settlement of the Class claims; the Settlement was reached pursuant to arms-length negotiations between the Parties; the support for the Settlement expressed by Class Counsel and counsel for Defendant, who both have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement; the absence of any putative Class

Members filing objections to the Settlement and of any Class Member opting out of the settlement supports approval of the Settlement; and the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and that the stage of the proceedings thus warrants approval of the Settlement.

5.    As identified by the Plaintiff's Unopposed Motion for Final Approval and supporting Memorandum of Law, the Court finds that there were zero objections made to this Settlement and zero individuals requested exclusion from the Settlement Class.

6.    Class Members who filed a valid a timely claim form, or any valid late claim forms otherwise mutually accepted by the parties prior to the date of this Order, shall each receive their ratable share of the net Class Settlement Fund in accordance with the calculations set forth in the Settlement Agreement.

7.    Payment to the Named Plaintiff in the amount of Three Thousand Dollars and No Cents ($3,000.00) as payment for service to the Class is approved and shall be awarded to Named Plaintiff Luis Munoz pursuant to the terms of the Settlement Agreement. Within fourteen (14) calendar days of Final Approval, the Claims Administrator shall deliver these payments to Class Counsel for distribution to the Named Plaintiff.

8.    Class Counsel is awarded Forty Thousand Two Hundred Fifty and 00/100 Dollars ($40,200.00), which constitutes 30% of the Total Settlement Amount and approximately 32% of the amount of the benefit to the Class, for attorneys' fees and litigation expenses in this matter. Within fourteen (14) calendar days of Final Approval, the Claims Administrator shall make this payment to Class Counsel pursuant to the Settlement Agreement.

9.    In accordance with the Settlement Agreement, within fourteen (14) calendar days

3

of the Final Approval of the Settlement Agreement, the Claims Administrator in this matter shall mail to each Claimant, at his or her last-known address, a check representing the net Settlement Payment.

10.   This Court hereby dismisses all claims released in the Settlement Agreement on the merits and with prejudice and without costs to any of the Parties as against any other settling Party, except as otherwise provided in the Settlement Agreement.

11.   Any Class Member who did not timely submit a Request for Exclusion from this Settlement fully release and discharges Defendant from any and all claims that were asserted in this action, as set forth in the Settlement Agreement.

12.   Class Members who did not submit Claim Forms as of the date of this Order are not entitled to participate in the monetary portion of the Settlement, but are barred from pursuing any and all claims against Defendant that were asserted in this action. These individuals release and discharge Defendant from all such claims, as set forth in the Settlement Agreement.

13.   The Court grants final approval of the Settlement and all of its terms. This matter is dismissed with prejudice. This Court retains jurisdiction solely for the purpose of interpreting, implementing, and enforcing the Settlement Agreement consistent with its terms.

14.   The Clerk is directed to enter judgment consistent with this order and close this file.

ORDERED this 1st day of November, 2017 in Chicago, Illinois

_____

MANISH S. SHAH
United States District Judge

4